IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ALEX HILL,

     Plaintiff,

v.

MERRICK B. GARLAND,
U. S. Attorney General,
U. S. Department of Justice,

     Defendant.

CIVIL ACTION FILE NO.
1:21-cv-05130-LMM-LTW

**MAGISTRATE JUDGE'S
NON-FINAL REPORT AND RECOMMENDATION**

Plaintiff Alex Hill filed his original Complaint in this action on December 15, 2021. [Doc. 1]. Plaintiff's Amended Complaint, which is the operative pleading in this case, was filed on November 28, 2022. [Doc. 29]. Plaintiff alleges that Defendant subjected him to discrimination based on race and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, *et seq.* [Id.]. This action is presently before the Court on a Motion for Partial Summary Judgment filed by Defendant Merrick B. Garland on April 17, 2023. [Doc. 40]. Plaintiff filed a Response in opposition to the Motion on May 22, 2023, and Defendant filed a Reply on June 5, 2023. [Docs. 43, 44].

## I.    **FACTS**[1]

Plaintiff Alex Hill stated in his Amended Complaint that he served as an agent with the Federal Bureau of Investigation ("FBI") for approximately 20 years. [Doc. 29 ¶ 16]. From 1997 to 2005, Plaintiff worked in the Atlanta Division of the FBI. [Id. ¶ 18]. From 2005 to 2007, he was promoted to FBI headquarters in Washington, D.C. as a supervisor over undercover operations. [Id.]. From 2007 to 2009, Plaintiff served in Iraq and Australia, and he returned to FBI headquarters in 2009. [Id. ¶¶ 19, 20]. Plaintiff returned to the Atlanta Division as a supervisor in early 2012. [Id. ¶ 20]. It appears that Plaintiff continued working for the FBI in Atlanta until December 2017. [Doc. 40-6, Ex. E].

On or around October 10, 2016, Plaintiff filed a formal Complaint of Discrimination with the Department of Justice ("DOJ") in Agency No. FBI-2016-0021 (the "2016 Administrative Action"). [DSMF ¶ 1; Doc. 40-2, Ex. A]. In the 2016 Administrative Action, Plaintiff raised race discrimination and retaliation claims based on: (1) his non-selection for an Assistant Special Agent in Charge ("ASAC") position in June 2016; and (2) his transfer to the White Collar squad on June 6, 2016. [DSMF

---

[1] The facts are taken primarily from Defendant's Statement of Undisputed Material Facts ("DSMF") [Doc. 40-8] filed in support of Defendant's Motion [Doc. 40] for Partial Summary Judgment, and Plaintiff's Response to DSMF ("Pla. Resp. to DSMF") [Doc. 43-1] filed in support of Plaintiff's Response [Doc. 43] brief.

¶ 2; Doc. 40-2, Ex. A].  In the 2016 Administrative Action, Plaintiff raised a retaliation claim based on: (1) he was informed by his ASAC that she was going to lower his ratings across-the-board; (2) the Special Agent in Charge ("SAC") and the ASAC made a number of negative comments to Plaintiff during his Mid-Year Progress Review on May 11, 2016; and (3) his Performance Appraisal Report, which he received on October 28, 2016, contained derogatory information.  [DSMF ¶ 3; Doc. 40-2, Ex. A].

On April 30, 2021, the Administrative Judge issued a Decision and Order Granting the Agency's Motion for Decision Without Hearing.  [DSMF ¶ 4; Doc. 40-3, Ex. B].  On June 10, 2021, the DOJ's Complaint Adjudication Office entered a final order acknowledging that the Administrative Judge's decision would be fully implemented.  [DSMF ¶ 5; Doc. 40-4, Ex. C].[2]  On June 10, 2021, the DOJ's Complaint Adjudication Office sent an email providing a copy of the final agency decision to Plaintiff and his then-attorneys.  [DSMF ¶ 6; Doc. 40-5, Ex. D].[3]

On or around January 12, 2018, Plaintiff filed a second formal Complaint of Discrimination with the DOJ in Agency No. FBI-2018-0082 (the "2018 Administrative

---

[2] Plaintiff cites to an allegation in his Amended Complaint to dispute this statement of fact.  [Doc. 43-1 at 2-3].  However, as discussed *infra*, a party opposing summary judgment may not rely upon mere allegations made in his pleadings.

[3] Plaintiff again cites to an allegation in his Amended Complaint to dispute this statement of fact.  [Doc. 43-1 at 3].

Action"). [DSMF ¶ 7; Doc. 40-6, Ex. E]. In the 2018 Administrative Action, Plaintiff alleged that he had been discriminated against on the basis of his race and retaliated against when the FBI terminated his employment. [DSMF ¶ 8; Doc. 40-6, Ex. E]. After Plaintiff appealed the Administrative Judge's decision in favor of the agency, the Office of Federal Operations issued a decision denying Plaintiff's request for reconsideration on September 16, 2021. [DSMF ¶ 9; Doc. 40-7, Ex. F]. Plaintiff filed the present action on December 15, 2021. [Doc. 1].

Additional facts will be set forth as necessary during discussion of Plaintiff's claims.

## II.   SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial responsibility of asserting the basis for its motion. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Apcoa, Inc. v. Fidelity Nat'l Bank, 906 F.2d 610, 611 (11th Cir. 1990). The movant is not required, however, to negate its opponent's claim; the movant may discharge its burden by merely "'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 325. After the movant has carried its burden, the non-moving party is then required to

"go beyond the pleadings" and present competent evidence designating specific facts showing that there is a genuine disputed issue for trial; the non-moving party may meet its burden through affidavit and deposition testimony, answers to interrogatories, and the like. Id. at 324 (quoting Fed. R. Civ. P. 56(e)).

While the court is to view all evidence and factual inferences in a light most favorable to the non-moving party, National Parks Conservation Ass'n v. Norton, 324 F.3d 1229, 1236 (11th Cir. 2003), "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact," Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original). A fact is material when it is identified as such by the controlling substantive law. Id. at 248. Moreover, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (citations omitted). Instead, "the nonmoving party must present evidence beyond the pleadings showing that a reasonable jury could find in its favor." Fickling v. United States, 507 F.3d 1302, 1304 (11th Cir. 2007) (citing Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990)). An issue is not genuine if it is unsupported by evidence, or if it is created by evidence that is "merely colorable" or is "not significantly probative." Anderson, 477 U.S. at 249-50. Thus,

5

the Federal Rules mandate the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of *every* element essential to that party's case on which that party will bear the burden of proof at trial.  Celotex, 477 U.S. at 322.

## III.   <u>DISCUSSION</u>

Plaintiff Alex Hill alleges in his Amended Complaint that Defendant subjected him to racial discrimination and retaliation in violation of Title VII. [Doc. 29, Counts I, II].  Title VII makes it unlawful for an employer "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race. . . ." 42 U.S.C. § 2000e-2(a)(1).  Title VII also prohibits employers from retaliating against employees "because he has opposed any practice made an unlawful practice by [the statute], or because he has made a charge" of discrimination.  42 U.S.C. § 2000e-3(a).  The adverse employment actions which form the basis of Plaintiff's Title VII claims are: (1) an assignment to a lesser squad, essentially amounting to a demotion; (2) lowering of his performance review from "excellent" to "successful"; (3) punishing Plaintiff based on actions taken in a personal divorce/child custody matter where he was represented by counsel in most of the proceedings; and (4) terminating his employment without due process when

6

Supervisor Robert Thompson denied Plaintiff's request to take leave without pay ("LWOP") on July 29, 2017.  [Doc. 29 ¶ 79].

Defendant argues that Plaintiff's racial discrimination and retaliation claims may proceed only with respect to his termination.  [Doc. 40-1 at 5-8].  Defendant's argument is based on Plaintiff's alleged failure to timely file a lawsuit with respect to his claims in the 2016 Administrative Action.  [Id.].  According to Defendant, Plaintiff received notice of the final agency decision on the 2016 Administrative Action on June 10, 2021, but he waited to file the present action until December 15, 2021, long after the statutory time period had lapsed.  [Id.].

Title VII establishes time limits for the filing of an employment discrimination lawsuit in federal court by an aggrieved federal employee.  See 42 U.S.C. § 2000e-16(c).  The relevant statute provides that the employee may file a Title VII action "[w]ithin 90 days of receipt of notice of final action taken by a department, agency, or . . . or by the Equal Employment Opportunity Commission. . . ."  Id.; see also 42 U.S.C. § 2000e–5(f)(1); Taylor v. Espy, 816 F. Supp. 1553, 1559 (N.D. Ga. 1993) ("[A] federal employee must now file a Title VII action within ninety (90) days of a notice of final action by the plaintiff's employing agency or the EEOC.").  "Failure to file suit within the ninety-day statutory time period renders a plaintiff's Title VII claims untimely and subject to dismissal."  Roscoe v. Mayorkas, No. CV 21-00296-TFM-B,

7

2021 WL 5774549, at *4 (S.D. Ala. Nov. 3, 2021), report and recommendation adopted, No. 1:21-CV-296-TFM-B, 2021 WL 5772451 (S.D. Ala. Dec. 3, 2021) (citing McCray v. Potter, 263 F. App'x 771, 773 n.5 (11th Cir. 2008) (per curiam) (holding that a claim brought by a Postal Service employee "was barred by Title VII's 90 day statute of limitations following final agency action")). Plaintiff "has the initial burden of establishing that he filed his Complaint within ninety days of his receipt of the EEOC's right-to-sue letter." Green v. Union Foundry Co., 281 F.3d 1229, 1233 (11th Cir. 2002). "Once the defendant contests this issue, the plaintiff has the burden of establishing that he met the ninety day filing requirement." Id. at 1234 (citing Jackson v. Seaboard Coast Line R.R. Co., 678 F.2d 992, 1010 (11th Cir. 1982)).

Defendant, as previously noted, argues that the only claims Plaintiff has asserted which are not barred are his Title VII racial discrimination and retaliation claims based on his termination. [Doc. 40-1 at 5-8]. Defendant contends that summary judgment is warranted on Plaintiff's claims based on the adverse actions asserted in the 2016 Administrative Action because he failed to file a lawsuit in a timely manner. [Id.]. The undersigned agrees.

Plaintiff filed the 2016 Administrative Action with the DOJ on or around October 10, 2016. [DSMF ¶ 1; Doc. 40-2, Ex. A]. In the 2016 Administrative Action, Plaintiff raised race discrimination and retaliation claims based on: (1) his non-

selection for an ASAC position in June 2016; and (2) his transfer to the White Collar squad on June 6, 2016.  [DSMF ¶ 2; Doc. 40-2, Ex. A].  In the 2016 Administrative Action, Plaintiff raised a retaliation claim based on the following: (1) he was informed by his ASAC that she was going to lower his ratings across-the-board; (2) the SAC and the ASAC made a number of negative comments to Plaintiff during his Mid-Year Progress Review on May 11, 2016; and (3) his Performance Appraisal Report, which he received on October 28, 2016, contained derogatory information.  [DSMF ¶ 3; Doc. 40-2, Ex. A].

On April 30, 2021, the Administrative Judge issued a Decision and Order Granting Agency's Motion for Decision Without Hearing.  [DSMF ¶ 4; Doc. 40-3, Ex. B].  On June 10, 2021, the DOJ's Complaint Adjudication Office entered a final order acknowledging that the Administrative Judge's decision would be fully implemented.  [DSMF ¶ 5; Doc. 40-4, Ex. C].  On June 10, 2021, the DOJ's Complaint Adjudication Office sent an email providing a copy of the final agency decision to Plaintiff and his then-attorneys.  [DSMF ¶ 6; Doc. 40-5, Ex. D].  The DOJ's final order stated, *inter alia*, "You also have a right to file a civil action in the appropriate United States District Court within 90 days of the date you receive this decision[.]"  [Doc. 40-4 at 9].  Plaintiff, however, did not file the present action in this Court until December 15, 2021.

[Doc. 1]. This was more than 180 days after the DOJ's Complaint Adjudication Office provided notice to Plaintiff.

In response, Plaintiff argues that there is a dispute about whether Defendant issued a final order on his 2016 Administrative Action. [Doc. 43 at 2-3]. Plaintiff cites to his Amended Complaint in support of his allegation that "[a]t no point did the Department of Justice issue a final order notifying Plaintiff Hill whether the FBI would implement the Administrative Judge's decision." [Id. (citing Doc. 29)]. Plaintiff contends, "This creates a genuine dispute at this stage." [Id. at 2]. Plaintiff is incorrect.

"[O]nce the moving party has met its burden of showing a basis for the motion, the nonmoving party is required to 'go beyond the pleadings' and present competent evidence designating 'specific facts showing that there is a genuine issue for trial.'" United States v. $183,791.00, 391 F. App'x 791, 794 (11th Cir. 2010) (quoting Celotex, 477 U.S. at 324). Thus, "a party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleadings, but [instead] must set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 248 (citation and internal quotation marks omitted). Here, Plaintiff merely cites to allegations made in his pleadings in support of his assertion that no final order was issued on his 2016 Administrative Action. [Doc. 43 at 2]. This is insufficient at the summary judgment stage. As a result, the Court finds that

10

Plaintiff's Title VII claims based on the allegedly adverse actions asserted in the 2016 Administrative Action are barred.

As previously noted, Plaintiff filed a second formal Complaint of Discrimination with the DOJ (the "2018 Administrative Action") on or around January 12, 2018. [DSMF ¶ 7; Doc. 40-6, Ex. E]. In the 2018 Administrative Action, Plaintiff alleged that he had been discriminated against on the basis of his race and retaliated against when the FBI terminated his employment. [DSMF ¶ 8; Doc. 40-6, Ex. E]. After an appeal, the Office of Federal Operations issued a decision denying Plaintiff's request for reconsideration on September 16, 2021. [DSMF ¶ 9; Doc. 40-7, Ex. F]. The decision informed Plaintiff that he had a right to file a civil action in an appropriate U.S. District Court within 90 days from the date he received the decision. [Doc. 40-7 at 4]. Plaintiff filed the present Title VII action in this Court on December 15, 2021, which was within the 90-day period. [Doc. 1]. Thus, Plaintiff's Title VII claims for racial discrimination and retaliation based on his termination are timely. However, the Court must grant summary judgment on all of the other claims Plaintiff has asserted in this case because they are time-barred.[4]

---

[4] Plaintiff does not offer any evidence or even assert that equitable tolling should excuse his untimely filing of the Complaint. [Doc. 43].

## IV.   <u>CONCLUSION</u>

Based on the foregoing reasons and cited authority, it is **RECOMMENDED** that Defendant's Motion [Doc. 40] for Partial Summary Judgment be **GRANTED** on all of Plaintiff's Title VII racial discrimination and retaliation claims except those based on his termination and that these claims be **DISMISSED WITH PREJUDICE**. If the District Court adopts the undersigned's recommendation, Plaintiff's only remaining claims will be a Title VII racial discrimination claim and a Title VII retaliation claim based on his termination.

**SO REPORTED AND RECOMMENDED**, this <u>14</u> day of August, 2023.

_____
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

12