IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ALEX HILL,                              :
                                        :
        Plaintiff,                      :
                                        :
v.                                      :         CIVIL ACTION NO.
                                        :         1:21-cv-05130-LMM
                                        :
PAMELA BONDI,                           :
                                        :
        Defendant.                      :

## **ORDER**

This case comes before the Court on Defendant's Omnibus Motion in

Limine. Dkt. No. [102]. The Court heard limited argument on this motion at the

pretrial conference and ordered supplemental briefing in response. See Dkt. No.

[109]. The issues are now fully briefed and the Court rules as follows:

## I.      EXCLUSION OF EVIDENCE CONCERNING DISMISSED CLAIMS

Defendant first moves to exclude evidence concerning the various claims

that were dismissed during pre-trial proceedings as irrelevant and unduly

prejudicial as it relates to Plaintiff's claim that Assistant Director Will

discriminated against him based on race when she terminated him from the FBI.

Dkt. No. [102-1] at 6–9. Even after reviewing Defendant's supplemental motion,

it is still unclear exactly what testimony Defendant is seeking to exclude.

Defendant points to broad categories of evidence, see Dkt. No. [122], but it is

difficult for the Court to rule on these broad categories without knowing the

specific evidence that is included.

As an initial matter, Defendant is correct that the evidence specific to the dismissed claims would ordinarily not be admissible. See, e.g., Anderson v. Brown Indus., No. 4:11-CV-0225-HLM, 2014 WL 12521732, at *4. (N.D. Ga. Mar. 14, 2014); Candonoza v. Royston, No. 4:16-CV-0048-HLM, 2018 WL 5023425, at *2 (N.D. Ga. Mar. 5, 2018); Wiedeman v. Canal Ins. Co., No. 1:15-CV-4182-WSD, 2017 WL 5563246, at 2 *2 (N.D. Ga. Nov. 20, 2017). Specifically, the Court agrees with Defendant that Plaintiff's October 10, 2016, formal EEOC Complaint, non-selection for an ASAC position in June 2016, transfer to a less prestigious squad in June 2016, and reports of various performance-related issues are inadmissible under FRE 403.

As to the rest of the evidence under Defendant's stated categories, Defendant's motion is too broad as drafted for the Court to grant. For example, the Court is unclear exactly what falls under the "systemic racism" category, and evidence of the disciplinary process as it was applied to Plaintiff in leading to his termination may be relevant.  As such, these issues are deferred to trial where the Court will also rule on any hearsay objections. Accordingly, Defendant's Motion is **GRANTED IN PART** and **DENIED IN PART**.

## II.    EXCLUSION OF COMPARATOR EVIDENCE

Defendant argues that the evidence is inadmissible hearsay. Dkt. No. [102-2] at 8–9; Dkt. No. [122] at 10–11. As to this objection, the Court will wait until trial to determine if Plaintiff can lay an appropriate foundation for the admission of such testimony. Defendant's Motion is **DENIED**.

Defendant next asserts that the comparators are not similarly situated. Dkt. No. [102-2] at 7–13. Most of the objections go to the weight of evidence rather than its admissibility. As the Court has already found, the five comparators are similarly situated in terms of their misconduct and disciplinary history to qualify under the <u>Lewis</u>, <u>Young</u>, and <u>Ward</u> cases. <u>See</u> Dkt. No. [91] at 3–4.

Defendant also argues that Agent Greene was not disciplined by Assistant Director Will and not subject to the same disciplinary guidelines as Plaintiff. Dkt. No. [102] at 11–13. First, the Eleventh Circuit has rejected "the proposition that whenever two different supervisors are involved in administering the disciplinary actions, the comparators cannot as a matter of law be similarly situated for Title VII purposes." <u>Anderson v. WBMG-42</u>, 253 F.3d 561, 566 (11th Cir. 2001); <u>see also</u> <u>Lewis v. City of Union City</u>, 918 F.3d 1213, 1227 (11th Cir. 2019) (en banc) (similarly situated comparators "will ordinarily (*although not invariably*) have been under the jurisdiction of the same supervisor as the plaintiff") (emphasis added). Thus, the fact that a different supervisor disciplined Agent Greene does not—standing alone—prevent him from being similarly situated to Plaintiff.

Second, Defendant contends that Greene did not engage in the same basic misconduct as Plaintiff, was not "subject to the same disciplinary guideline" as Plaintiff, and did not share Plaintiff's disciplinary history. Dkt. No. [122] at 11. With respect to his misconduct and disciplinary history, the Court reiterates its conclusion as to Green under <u>Lewis</u>, <u>Young</u>, and <u>Ward.</u> <u>See</u> Dkt. No. [91] at 3–4.

As to the disciplinary guidelines, it is not entirely clear which disciplinary guidelines applied to Agent Greene. The parties dispute whether Greene was subject to FBI Offense Code 5.21. Compare Dkt. No. [122] at 11 (arguing that Greene was not "subject to the same disciplinary guideline" as Plaintiff), with Dkt. No. [123] at 6 ("[A]ll were disciplined through OPR, under . . . Offense Code 5.21."). Plaintiff's summary dismissal letter states that FBI Offense Code 5.21 prohibits certain actions by "employees." Dkt. No. [78-8] at 4. No one disputes that Greene was an employee of the FBI prior to his dismissal, and Defendant offers no argument as to why FBI Offense Code 5.21 would otherwise not apply to Greene. For these reasons, the Court cannot conclude at this time that the use of Green as a comparator is "clearly inadmissible." Wilson v. Pepsi Bottling Group, Inc., 609 F. Supp. 2d 1350, 1359 (N.D. Ga. 2009). If Plaintiff lays an adequate foundation as to Greene's similarity to himself, evidence of Greene's discipline may be admissible.

Defendant then contends that Agent Gonzales is not a proper comparator because he was terminated, meaning his treatment was not disparate from Plaintiff's. Dkt. No. [122] at 2; Dkt. No. [102-2] at 8. But Plaintiff does not seek to use Gonzales as a "kept his job" comparator. Dkt. No. [123] at 15–16. Rather, he intends to contrast the circumstances of Gonzeles's summary dismissal to those of his own to show that it was not consistent with OPR precedent.[1] Id. For this

---

[1] It is true that under McDonnell Douglas, comparators are used to show that employers "treated 'similarly situated' employees outside [a claimant's] class more favorably." Lewis, 918 F.3d at 1221. But McDonnell Douglas is only "[o]ne

limited purpose, evidence of Gonzales summary dismissal may be admissible if Plaintiff lays a proper foundation. Defendant's Motion is **DENIED**.

Defendant's final argument is that the Court should exclude the OPR Offense Code 5.21 Precedent compilation. Dkt. No. [102-2] at 13–15. If Plaintiff lays the proper foundation to show that Assistant Director Will reviewed this document as part of her decision to terminate Plaintiff's employment, it may be admissible for that limited purpose. If Defendant so requests, the Court will consider a request for redactions or a limiting instruction. The parties should be prepared to discuss this issue at the final pretrial conference. Defendant's Motion is **DENIED**.

### III.  EXCLUSION OF EQUITABLE PAY EXHIBITS

As to Defendant's Motions in Limine III and IV, Defendant agrees to withdraw these Motions if the Court accepts the parties' proposal to handle Plaintiff's request for back pay and lost Thrift Savings Plan benefits at a bench trial to determine the award of any equitable remedies if Plaintiff obtains a favorable verdict at trial. The Court agrees with the parties' requested plan. Accordingly, these Motions are **DENIED as MOOT**.

---

way" a Plaintiff can prove intentional discrimination, which may also be shown if Plaintiff sets forth a "convincing mosaic' of circumstantial evidence that warrants an inference of intentional discrimination." Id. at 1220, 1220 n.6 (citing Smith v. Lockheed-Martin Corp., 644 F.3d 1321, 1328 (11th Cir. 2011)). To the extent Plaintiff uses this evidence to illustrate such a mosaic, it may be admissible.

**IT IS SO ORDERED** this 9th day of March, 2026.

_____
**Leigh Martin May**
**Chief United States District Judge**

6